UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

DAVID CHESTER FAULKNER )
)
v. ) No. 2:11-CV-168
)
DAVID OSBOURNE, Warden )

## MEMORANDUM and ORDER

This is a habeas corpus petition brought under 28 U.S.C. § 2254 by a state prisoner who, acting *pro se*, is challenging the legality of his confinement under a state court conviction. Petitioner's application to proceed without prepayment of fees is **GRANTED**. The Clerk is **DIRECTED** to serve a copy of this petition and this Order upon the respondent and the Attorney General of the State of Tennessee. However, for reasons which appear below, the respondent is not required to file an answer at this time.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run on the date the petitioner's state judgment of conviction becomes final or upon the occurrence of one of three other circumstances not relevant here. *See* 28 U.S.C. § 2244(d)(1)(A).

The petition reflects that, on September 19, 2008, petitioner was convicted of theft over $10,000, pursuant to his guilty plea in the Criminal Court for Sullivan County, Tennessee, receiving thereafter a ten-year sentence, to be served

consecutively to a federal sentence. The petitioner did not seek direct review because, according to the petition, he was told by the public defender's office to "just accept it." At any rate, he did not appeal. His conviction, therefore, became final on October 19, 2008, upon the lapse of the thirty-day period for filing a notice of appeal. *See* Tenn. R. App. P. 4 (requiring that a notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . .").

Thus, on that date, the statute of limitations would have begun to run and the petitioner's time for filing a § 2254 petition would have expired one year later—on October 19, 2009. Accordingly, since this petition was filed on June 9, 2011, more than twenty months after the expiration of AEDPA's limitations statute, the petitioner is **ORDERED** to **SHOW CAUSE**, within twenty days of the date of entry of this order, as to why his § 2254 petition should not be dismissed as untimely.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE