UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| DAVID CHESTER FAULKNER | ) | |
| | ) | |
| v. | ) | No. 2:11-CV-168 |
| | ) | *Greer/Inman* |
| DAVID OSBOURNE, Warden | ) | |

## **MEMORANDUM**

This *pro se* state prisoner's habeas corpus petition under 28 U.S.C. § 2254 is before the Court upon his response to an order, (Doc. 4). The order required petitioner to show cause as to why his § 2254 application should not be dismissed as untimely filed. In his response, petitioner maintains that his petition is timely under the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA) because he is serving his state sentence consecutively to a federal sentence and because the statute did not begin to run until this federal sentence ended. Petitioner offers no relevant cases or other authority to support this argument and, indeed, the Court knows of none.

Petitioner possibly has confused the concept of "custody"—an important one for habeas corpus jurisdiction—with filing time limits for a habeas corpus petition. A federal court has jurisdiction to entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c). The Supreme Court has held that a prisoner serving consecutive sentences meets the "in custody" requirement for federal jurisdiction where he is challenging a conviction underlying

a sentence that he has not yet begun, *Peyton v. Rowe*, 391 U.S. 54, 67 (1968), or that he has already served. *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) ("We therefore hold that [petitioner] remains "in custody" under all of his sentences until all are served and now may attack the conviction underlying the sentence scheduled to run first in the series."). There is no question that petitioner has satisfied the "in custody" jurisdictional requirement of habeas corpus law.

The issue is timeliness and, more specifically, whether petitioner has shown cause for his failure to file his application for habeas corpus relief in accordance with AEDPA's one-year time constraints. In this case, the statute of limitations in 28 U.S.C. § 2244(d)(1)(A) began to run on the date petitioner's state judgment of conviction became final, which, as noted in the Court's show cause order, was October 19, 2009. After ticking for one year, AEDPA's clock expired on October 19, 2010, and the filing of this § 2244 application on June 9, 2011, was too late.

The Court concludes that petitioner has failed to show cause for his belated filing. Therefore, this § 2244 petition is time barred and will be dismissed.

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
